A. E. WATROUSE, *Plaintiff in Error*, v. J. HARRIS JONES, *Defendant in Error*.

Division B.

Opinion Filed December 13, 1927.

*Early & Arnest,* Attorneys for Plaintiff in Error;

*Burket & Fish,* Attorneys for Defendant in Error.

BUFORD, J.—It appears that this suit was prematurely brought. The declaration was in four counts, as follows:

"FIRST. For that, whereas, the defendant on the 30th day of November, 1925, became indebted to the plaintiffs in the sum of Ten Thousand Dollars for money before that time paid by the plaintiffs for the defendant at his request.

SECOND. And the like sum of Ten Thousand Dollars for money received by the defendant for the use of the plaintiffs.

THIRD. And in the like sum of Ten Thousand Dollars for money found to be due from the defendant to the plaintiffs on account stated between them.

FOURTH. And the like sum of Two Thousand Dollars for interest on divers sums of money before that time foreborne by the plaintiffs to the defendant at his request, for divers spaces of time before then elapsed.

Being so indebted the defendant in consideration thereof did then and there promise to pay the plaintiffs on request the said several sums of money, yet the defendant though requested so to do has not paid the same or any part thereof to the plaintiffs but refuses so to do, and therefore,

plaintiffs bring this suit and claim damages in the sum of Ten Thousand Dollars.''

To the declaration was attached a bill of particulars, as follows:

''A. E. Watrouse,
        Sarasota, Florida.
To
    J. Harris Jones, and
    John Morton,
            Sarasota, Florida.
November 30,
1925.                    To commission due
                         on Real Estate Sale........$5,333.33
                         as follows, to-wit:
5% commission on $175,000.00.............$8,750.00
                         divided as follows:
J. Harris Jones ........$2,916.66
John Morton ........... 2,416.67
A. E. Watrouse ......... 2,416.67
Donated to Church ...... 1,000.00
                        _____
                         $8,750.00

Above commission arising from sale of certain property of the First Presbyterian Church of Sarasota, Florida, sold on or about November 30th, 1925, for $175,000.00 upon which was paid a commission of 5% of which amount plaintiff is due defendant the said sum of $5,333.33. Said property sold as above being described as follows:

Lots Twenty (20) and Twenty-two (22), Twenty-one (21) and Twenty-three (23), and a portion of Lot Nineteen (19) of Block Two (2) of the City of Sarasota, Florida, being the property owned by the First Presbyterian Church of Sarasota, Florida, and being approxi-

mately 100 feet on 4th Street by 210 feet on Orange Avenue, by 140 feet on 5th Street.

There were two pleas by the defendant. First, that he never was indebted as alleged, and second, that he never promised as alleged. Trial was had and resulted in a verdict in favor of the plaintiff for $2,916.66 with interest, and judgment was entered for $2,916.66 with interest from the institution of suit in the sum of $72.90 and costs.

Garnishment had been issued making First Presbyterian Church of Sarasota, Florida, garnishee. The garnishee answered that it was indebted to the defendant in the sum of $8,750.00 at the time of the service of the writ of garnishment. The judgment directed that the amount of the judgment should be a prior charge upon and should be paid from the funds in the hands of the garnishee.

The evidence shows that there was an agreement between the plaintiff and the defendant that in consideration of the plaintiff closing the trade for the purchase of certain real estate belonging to the First Presbyterian Church of Sarasota, Florida, that he should have from the defendant 1/3 of the 5% commission; that the commission amounted to the sum of $8,750.00; that under the terms of the agreement the sum of $2,916.66 would be due and payable from the defendant to the plaintiff when the commission shall have been paid to defendant. There is no evidence that any part of the commission had been paid to the defendant. Indeed, the uncontradicted evidence is that the defendant had not received payment of any part of the commission. The evidence does not show any obligation on the part of the defendant to pay the plaintiff any part of the commission until such time as he, the defendant, should receive payment of the commission.

The evidence does not support either count of the declaration. There is a fatal variance between each count

of the declaration and the evidence offered in support thereof, and, therefore, the judgment must be reversed. It is so ordered.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.